UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOSOUD ALEMARAH,

    Plaintiff,                                  Civil Action No. 19-CV-10556

vs.                                                HON. BERNARD A. FRIEDMAN

GENERAL MOTORS LLC,

    Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on defendant's motion for summary judgment [docket entry 19]. Plaintiff has responded and defendant has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is an employment discrimination case. Plaintiff was hired by defendant General Motors LLC ("GM") as a contract worker in September 2016 and then as a GM employee from April 2017 to October 2017. Compl. ¶ 5. She alleges that during this time she was harassed by a number of her male co-workers on the basis of her gender, religion (Islam), and race (Iraqi Arab). Plaintiff alleges that her supervisors failed to take action to stop this harassment and that GM retaliated against her for complaining about the harassment by suspending and then discharging her. Plaintiff indicates that she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in February 2018 and that she obtained a right-to-sue letter in November 2018. *Id.* ¶ 91. Plaintiff commenced this action in February 2019. She asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, for gender discrimination (Count I), religious discrimination (Count II), race discrimination (Count III), hostile work environment (Count IV), and

retaliation (Count V).

In its summary judgment motion, defendant makes two arguments: (A) that the claims presented in the instant lawsuit are barred by the doctrine of res judicata because a final judgment has been entered in a state court action in which plaintiff made the same allegations against GM and one of her supervisors; and (B) that the claims fail on the merits because plaintiff has not stated a prima facie case and cannot show that defendant's legitimate, non-discriminatory reasons for discharging her are pretextual. In her response to this motion, plaintiff has entirely ignored defendant's argument concerning the preclusive effect of the state court's judgment.[1] The facts supporting this argument are therefore "undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Because the Court finds this argument persuasive, it shall grant summary judgment for defendant on this basis.

Before she filed her complaint in the instant action in February 2019, plaintiff filed a nearly identical complaint in Wayne County Circuit Court in June 2018. *See* Def.'s Ex. 1 (plaintiff's state court complaint). The only apparent differences between the two complaints are that (1) in state court plaintiff sued GM and one of her supervisors, Susan Schneider, while in the instant action GM is the sole defendant, and (2) the claims in the state court complaint are all based on a state statute, the Elliott-Larsen Civil Rights Act, while in the instant case the claims are all based on Title VII. Otherwise the two complaints are indistinguishable. Both allege that, while

---

[1] Instead of responding to this argument, plaintiff filed two motions requesting that "the court strike Defendant's res judicata and joinder arguments from it's [sic] Motion for Summary Judgment." Pl.'s Mots. to Strike, at 3 [docket entries 21 and 32]. The Court denied both of these motions [docket entries 31 and 33] because plaintiff cited no applicable authority for the requested relief and because the motions were based on the false premise that the state court had already decided this issue against defendant.

working for GM, plaintiff was the victim of discrimination based on her gender, religion, and race; that she was subjected to a hostile work environment; and that GM discharged her in retaliation for complaining about this discrimination. For all practical purposes, the allegations in the two complaints are identical.[2]

In March 2019, one month after plaintiff commenced the instant action, defendants in the state court action filed a motion in that court requesting an order "requir[ing] joinder of claims," i.e., that plaintiff be required "to merge her two nearly-identical lawsuits so all claims she has against Defendants arising out of the same transaction or occurrence are joined into one lawsuit." Pl.'s Mot. to Strike [docket entry 32], Ex. 2 (Defs.' Emergency Mot. to Require Joinder of Claims at 1). In support of that motion, defendants argued that "[i]n determining whether two claims arise out of the same transaction or occurrence for the purposes of MCR 2.203(A),[3] courts apply res judicata principles." *Id*. (Defs.' Br. at 4). The state court denied defendants' motion from the bench in April 2019. *Id*. (state court order). In December 2019, the state court action was dismissed with prejudice on the parties' stipulation after they both accepted a mediation award. Def.'s Mot. for Summ. J., Ex. 3.

---

[2] Defendant's Exhibit 2 is a paragraph-by-paragraph comparison of plaintiff's federal and state complaints, which demonstrates the near identicalness of the two. The Court accepts this comparison's accuracy, which plaintiff has conceded by failing to address it in her response. *See* Fed. R. Civ. P. 56(e)(2).

[3] Michigan Court Rule 2.203(A) states:

> **(A) Compulsory Joinder**. In a pleading that states a claim against an opposing party, the pleader must join every claim that the pleader has against that opposing party at the time of serving the pleading, if it arises out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

3

Defendant argues that it is entitled to summary judgment because the state court judgment is res judicata as to the instant action. Although plaintiff did not include her Title VII claims in her state court case, defendant argues that she could have done so and that she is now barred from litigating claims she chose not to include in that case. Defendant notes that both cases were based on the same facts and involved the same parties, and that in Michigan a stipulated dismissal with prejudice is deemed to be an adjudication on the merits. As noted, plaintiff has failed to respond to this argument.

The law solidly supports defendant's position. This Court "must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. § 1738). In Michigan,

> [c]laim preclusion "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 470 Mich. 105, 680 N.W.2d 386, 396 (Mich. 2004). Claim preclusion "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id*.

*Id.* at 331. This Court must therefore give preclusive effect to the judgment entered in plaintiff's state court case if these three criteria are met.

And indeed they are. Regarding the first criterion, the parties accepted a mediation award and thereafter stipulated to the dismissal of the matter with prejudice. *See* Def.'s Ex. 3. "In Michigan, settlement and consent judgments are final judgments on the merits for purposes of res judicata." *United States v. Chrysler Grp., LLC*, 571 F. App'x 366, 369 (6th Cir. 2014) (citing *Ditmore v. Michalik*, 625 N.W.2d 462, 466 (Mich. App. 2001)). *See also Garrett v. Washington*, 886 N.W.2d 762, 766 (Mich. App. 2016) (stating that "acceptance of a case evaluation is essentially

4

a consent judgment and [r]es judicata applies to consent judgments") (citations and internal quotation marks omitted). Therefore, plaintiff's state court case was decided on the merits.

Regarding the second criterion, both of plaintiff's cases involve the same parties, herself and GM. In the state court case plaintiff also named one of her supervisors, Susan Schneider, but this is irrelevant for res judicata purposes. "The relevant inquiry for this element . . . is whether the plaintiff and defendant in the precluded action were opposing parties in the first action; the presence of additional plaintiffs does not affect the analysis." *U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 339, 416 (6th Cir. 2016).

> Regarding the third criterion,
>
> Michigan takes a transactional approach to res judicata, barring all subsequent claims arising out of the same factual transaction. *Adair*, 680 N.W.2d at 398. "Whether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit." *Id*. (citation omitted and emphasis removed). The Michigan Supreme Court, when explaining the transactional approach, contrasted it with the so-called "same evidence test":
>
>> [U]nder the same evidence test the definition of what constitutes a cause of action is narrower than under the transactional test. As explained in the Restatement (Second) of Judgments, the same evidence test is tied to the theories of relief asserted by a plaintiff, the result of which is that two claims may be part of the same transaction, yet be considered separate causes of action because the evidence needed to support the theories on which they are based differs. By contrast, the transactional approach is more pragmatic. Under this approach, a claim is viewed in "factual terms" and considered "coterminous with the transaction, regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; * * * and regardless of the variations in the evidence needed to

> support the theories or rights."
>
> *Id.* (citation omitted and emphasis added).

*Chrysler Grp., LLC*, 571 F. App'x at 371. Plainly, the facts alleged in plaintiff's two complaints meet this test, as the facts are identical and concern the identical time frame. Plaintiff suggests that she could not have brought her Title VII claims in her state court case because she commenced that case in June 2018 but did not receive a right-to-sue letter from the EEOC until November 2018. *See* Pl.'s Mot. to Strike at 7 [docket entry 32]. This does not change the analysis because the test under *Adair* is whether the two cases at issue "aris[e] out of the same factual transaction." 680 N.W.2d at 398. Moreover, plaintiff was free to amend her state court complaint to include her Title VII claims once she received her right-to-sue letter but neglected to do so. Indeed, she appears to have actively opposed defendants' effort to have her "merge" those claims with her Elliott-Larsen claims. In any event, there is no doubt that "the matter in the second case was, or could have been, resolved in the first." *Id.* at 396.

For these reasons, the Court concludes that plaintiff's claims in the present case are barred by the doctrine of res judicata. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is granted.

Dated: February 18, 2020  
    Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE