UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOSOUD ALEMARAH,

    Plaintiff,                                          Civil Action No. 19-CV-10556

vs.                                                   HON. BERNARD A. FRIEDMAN

GENERAL MOTORS LLC,

    Defendant.
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER AND JUDGMENT GRANTING SUMMARY JUDGMENT FOR DEFENDANT</u>**

        This matter is presently before the Court on plaintiff's motion [docket entry 40] for reconsideration of the Court's February 18, 2020, order and judgment granting summary judgment for defendant. Pursuant to E.D. Mich. LR 7.1(h)(2), the Court shall decide this motion without a hearing.

        Before commencing the instant lawsuit in this Court, plaintiff commenced a nearly identical lawsuit in state court, the only significant difference being that the former was brought under a state statute and the latter under Title VII. While the instant action was pending, the parties successfully mediated the state-court action and stipulated to the dismissal of that case with prejudice. Defendant in the instant action later moved for summary judgment, arguing, among other things, that the state court's order of dismissal is res judicata as to the instant action. Defendant noted that it is a defendant in both lawsuits, and that both are based on the identical facts and concern the same time frame. Plaintiff responded to defendant's summary judgment motion but entirely disregarded the res judicata argument. The Court, finding the argument both convincing and dispositive, granted defendant's motion on this basis and entered judgment in defendant's favor.

Now, apparently having been shocked awake, plaintiff has filed the instant motion for reconsideration in which she offers various arguments as to why she believes the Court erred in accepting defendant's res judicata argument. Plaintiff should have presented these arguments in her response to defendant's summary judgment motion. By presenting them now, having said nothing concerning the res judicata issue in her response to defendant's motion for summary judgment, plaintiff is attempting improperly to circumvent the Court's motion practice rules, which set both time and page limits on a party's right to make such arguments. *See* E.D. Mich. LR 7.1(c), (d), (e). The Court therefore deems plaintiff to have waived all of these arguments.

But even if plaintiff had made these arguments in response to defendant's summary judgment motion, as she was required to do, the Court would have rejected them as meritless. Plaintiff first argues that it was improper, under the law of the case doctrine, for defendant to seek summary judgment based on res judicata because defendant "raised the issue of res judicata and joinder before the State Court . . . and the State court denied GM's motion." Pl.'s Recon. Br. at 2. This statement is false. The issue defendant raised in state court, while both lawsuits were pending, was whether plaintiff was required under MCR 2.203(A) to join her federal claims with her state claims. This has nothing to do with the res judicata issue defendant later raised in this Court, namely, whether the state court's stipulated order of dismissal precluded plaintiff from litigating her claims in this Court. The law of the case doctrine has no application in these circumstances.

Plaintiff next cites *Hoogland v. Kubatzke*, No. 307459, 2013 WL 331580, at *4 (Mich. Ct. App. Jan. 29, 2013), for its statement that "[a]s res judicata should not be used to punish a party from suing various defendants in different proceedings, plaintiff's claim should not be barred by res judicata." The facts and legal issues in *Hoogland* bear no resemblance to those in the present

2

case. In *Hoogland*, plaintiff sued her employer, Delta College, in federal court for retaliation and lost on summary judgment. She then sued four of the college's officers in state court for the same retaliation. *Id.* at *3. The Michigan Court of Appeals held that the judgment in the federal case did not bar the subsequent state-court action because the parties in the two cases were different and "[d]efendants offer no support for the proposition that plaintiff's CRA claim imposed a mandatory party joinder requirement on plaintiff's claim." *Id.* at *4. *Hoogland* did not involve the issue raised in the present case (i.e., whether a judgment in one case bars a subsequent action between the same parties and involving identical facts) and has no conceivable application here.

Plaintiff next cites *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47-48 (1974), for its statement that "in general, submission of a claim to one forum does not preclude a later submission to another." Plaintiff quotes this statement out of context. In *Alexander*, plaintiff unsuccessfully arbitrated a grievance he filed under a collective bargaining agreement after being discharged. He then filed a Title VII discrimination claim in federal court. The district court dismissed the claim on the grounds that the suit was barred because the dispute had been arbitrated. The Supreme Court reversed, stating that "Title VII's purpose and procedures strongly suggest that an individual does not forfeit his private cause of action if he first pursues his grievance to final arbitration under the nondiscrimination clause of a collective-bargaining agreement" and that "a contractual right to submit a claim to arbitration is not displaced simply because Congress also has provided a statutory right against discrimination." *Id.* at 49, 52. Like *Hoogland*, *Alexander* has nothing to do with the res judicata issue presented in the instant case, which does not involve arbitration.

Plaintiff next cites *Kesler v. Barris, Sott, Denn & Driker, PLLC*, 482 F. Supp. 2d 886,

3

894 (E.D. Mich. 2007), for its statement that "Michigan case law demonstrates that a judgment or dismissal following the acceptance of case evaluation award is not the equivalent of a decision on the merits." While this statement may have been correct in 2007, the Michigan Court of Appeals has stated more recently that "acceptance of a case evaluation is essentially a consent judgment and [r]es judicata applies to consent judgments." *Garrett v. Washington*, 886 N.W.2d 762, 766 (Mich. Ct. App. 2016) (internal quotation marks and citations omitted). The Sixth Circuit has likewise noted that "[i]n Michigan, settlement and consent judgments are final judgments on the merits for purposes of res judicata." *United States v. Chrysler Grp., LLC*, 571 F. App'x 366, 369 (6th Cir. 2014). Plaintiff's quotation from *Kesler* is not a correct statement of the law currently on this issue. Therefore, the Court did not err in finding – contrary to plaintiff's suggestion – that the parties' acceptance of the mediation award and their stipulation to a dismissal with prejudice of the state-court action constituted a decision on the merits for res judicata purposes.

The Court has considered plaintiff's remaining arguments and finds them to be equally without merit. The Court concludes that plaintiff has failed to show any error in the Court's order and accompanying judgment granting summary judgment for defendant. Accordingly,

IT IS ORDERED that plaintiff's motion for reconsideration is denied.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 6, 2020
    Detroit, Michigan

4